**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X

MICHAEL TRENK,                                         Civil Action No.:

                                    Plaintiff,

          -against-                                    **COMPLAINT FOR VIOLATIONS**
                                                       **OF THE TELEPHONE**
                                                       **CONSUMER PROTECTION ACT**

BANK OF AMERICA
                          Defendant(s).                **DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff MICHAEL TRENK ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant BANK OF AMERICA, (hereinafter referred to as Defendant(s)" 1 & 2), respectfully sets forth, complains and alleges, upon information and belief, the following

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R.

§64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

2.     Plaintiff MICHAEL TRENK is a resident of the State of New Jersey, residing at 24 Cabinfield Circle,

Lakewood, NJ 08701.

3.     Defendant, BANK OF AMERICA, has a Corporate Headquarters located at 100 NORTH TRYON STREET CHARLOTTE, NC 28255.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.     On or about August 30th 2016, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone numbers of 917-708-1642,917-708-1733,917-708-1793,917-708-1874  and leaving messages.

9.      On September 12th, 2016, based on these phone calls, the Plaintiff called the Defendant and was connected with a female representative. The Plaintiff asked what the balance on his account was.

10.     The representative asked the Plaintiff what the last four digits of his social security number was and his birthdate in order to verify his account. Then she informed him that the past due amount on his account was $106.00 and the upcoming payment was $221.00.

11.     The Plaintiff stated he would not be able to make the payment currently but he would like to request that he not be contacted anymore on his account by autodialer or text, and that if he is to be contacted it should be done by a live person only.

12.     The representative explained the reason he was being contacted was because he was late on his account but she will make the changes and he was placed on hold.

13.      When the call resumed, the representative stated she had another representative on the line who was going to assist the Plaintiff with his request and this time it was a male representative.

14.      The Plaintiff reiterated that he did not want any autodialed calls or texts to his phones on his account, and that if he should receive any calls he would like it done by a live person.

15.     The representative asked if the Plaintiff wanted his account placed on a "no call" then.

16.     The Plaintiff told the representative" That is not what I said."

17.     The representative stated that the Plaintiff had to decide on either one or the other, that he could not pick or choose what he wanted to do.

18.     The Plaintiff said it was his request to ask for a live agent to speak with and the conversation went back and forth, with the representative questioning what the Plaintiff wanted and the Plaintiff explaining that he wanted no calls by auto dialer and no texts and only a live person to speak with and finally the call was concluded.

19.     After the conclusion of the call and the many attempts at requesting the autodialed phone calls and texts to stop the Defendant still continued to call the Plaintiff on his cell phones. From the start of the calls on or about August 30th 2016 thru March 9th 2017, the Plaintiff  received at least 235 calls, 6 voicemails and 34 text's from the Defendant.

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier

service, or any service for which the called party is charged for the call, unless such call

us made solely to collect a debt owed to or guaranteed by the United States."

  22. It has been determined that the statute language adding "or" any service

for which the called party is charged, is not accurately interpreted to require that Plaintiff

must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank,*

*N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection*

*Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the

issue of a Plaintiff being charged with all agreeing that the TCPA does not require a

Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for

the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D.

674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be

`charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank,*

*F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for

which the called party is charged for the call' requires that the party be charged per call

for the `paging service, cellular telephone service, specialized mobile radio service, or

other radio common carrier service' in order for the party to prohibit autodialed calls,

then the listing of these services would be superfluous because they are already

included under them 'any service for which the called party is charged.' On the other

hand, reading `any service for which the called party is charged for the call' as an

additional item beyond any call to a `paging service, cellular telephone service,

specialized mobile radio service, or other common carrier service,' regardless of

whether the called party is charged, gives independent meaning to each term."

23.    It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

24.    With the autodialed calls to Plaintiff's telephone commencing on or about August 30th, 2016 and continuing at a rate of approximately (235) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25.    The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (235) times.

26.    Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

27.     Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

28.      Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.     For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B.     A declaration that the Defendant's practices violated the TCPA;

C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      May 16, 2017

Respectfully submitted,

_____
EDWARD B. GELLER, ESQ.

TO

EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK 10464
Tel:(914)473-6783

*Attorney for the Plaintiff,*
MICHAEL TRENK

*TO: BANK OF AMERICA*
   *100 N TRYON STREET*
   *CHARLOTTE, NC 28255*

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*