UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL TRENK,

    Plaintiff,

v.

BANK OF AMERICA,

    Defendant.

Civ. No. 17-3472

**AMENDED OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion to dismiss by Defendant Bank of America[1] ("Defendant"). (ECF No. 7). Plaintiff Michael Trenk ("Plaintiff") opposes. (ECF No. 10). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss will be granted, and Plaintiff will be granted leave to amend his complaint.

## BACKGROUND

This is an action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff's allegations are as follows: On or about August 30, 2016, Defendant began placing autodialed phone calls to Plaintiff's cell phone numbers 917-708-1642, 917-708-1733, 917-708-1793, 917-708-1874 and leaving messages. (Compl. ¶ 8, ECF No. 1). On September 12, 2016, Plaintiff called Defendant to check the past due amount on his account

---

[1] The Court notes that Defendant claims that Plaintiff improperly named "Bank of America" as the Defendant. Defendant further claims that "Bank of America, National Association," is the proper defendant.

1

and to request not to be contacted by autodialer or text in the future, only by live person. (*Id.* ¶¶ 9–11). The first representative said she would make the changes and placed him on hold. (*Id.* ¶ 12). Plaintiff was then transferred to a second representative, who asked Plaintiff if he wanted his account placed on a "no call." (*Id.* ¶¶ 13–15). Plaintiff told the representative, "That is not what I said." (*Id.* ¶ 16). The representative stated that Plaintiff had to decide "one or the other."[2] (*Id.* ¶ 17). Plaintiff reiterated his request to have a live person call him only and not to receive any autodialed calls or texts. (*Id.* ¶ 18). This conversation went back and forth and eventually concluded. (*Id.*). Defendant continued to call Plaintiff on his cell phones. (*Id.* ¶ 19). Between August 30, 2016 and March 9, 2017, Plaintiff received at least 235 calls, 6 voicemails, and 34 texts from Defendant. (*Id.*).

Plaintiff filed the present action in this Court on May 16, 2017 alleging violations of the TCPA by placing autodialed calls after being requested not to. On June 23, 2017, Defendant moved to dismiss the complaint for failure to state a claim. This motion is presently before the Court.

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded

---

[2] In his opposition to the present motion, Plaintiff clarified that this meant that the representative informed Plaintiff that he had to choose either autodialed calls or no calls at all.

2

factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") or a prerecorded voice to place calls to a cellular phone number without the called party's prior, express consent. 47 U.S.C. § 227. "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citations omitted). The parties agree that, "to state a cause of action under the TCPA, a Plaintiff must allege: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." (Def.'s Br. at 2, ECF No. 7; Pl.'s Opp'n Br. at 3, ECF No. 10; *Todd v. Citibank*, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017)).

Here, Defendant argues that Plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to allege any facts to support an alleged violation of the TCPA. Specifically, Defendant contends that Plaintiff's complaint merely parrots the language of the TCPA, and that the complaint does not allege any facts which show that the alleged calls were made using "a system that could (a) store or produce telephone numbers to be called, (b) using a random or sequential number generator, and (c) dialed such numbers." (Def.'s Br. at 3).

3

Defendant further claims that the complaint lacks sufficient specificity regarding the dates, times, number of calls, cellphone numbers, or content of the calls and text messages received. Lastly, Defendant argues that Plaintiff has made no allegation that the calls used a pre-recorded message, came from the same number, or included other indicators of an autodialed call such as a silence before the recording began. (Reply at 3, ECF No. 11).

In opposition, Plaintiff argues that the complaint does contain sufficient factual allegations. Plaintiff argues that the factual allegations regarding the number of calls (275), voicemails (6), and texts (34) that Plaintiff allegedly received over a six-month period sufficiently allege that Defendant used an ATDS, because "[t]hat averages out to more than a call a day." (Pl.'s Opp'n Br. at 4–6).

The Court agrees with Defendant.[3] The complaint merely alleges that the calls and messages were "auto-dialed", but offers no facts to support this allegation. The complaint does allege the four phone numbers where Plaintiff received the calls, but does not specify if the calls or text messages came from the same two phone numbers. Other than generally alleging that Plaintiff received the calls and text messages over an approximate 6-month period, the complaint does not allege when the calls and text messages were received.

Importantly, the complaint makes absolutely no factual allegations about the content of the alleged calls and text messages, nor does the complaint provide any factual allegation about whether the calls and text messages were automated or prerecorded. Other Courts, including Courts within this District, have found that "[a] bare allegation that defendants used an ATDS is not enough." *See, e.g., Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found

---

[3] Defendant only appears to challenge, and the Court only addresses, the sufficiency of Plaitniff's complaint on the second element, use of an ATDS.

4

that '[a] bare allegation that defendants used an ATDS is not enough'") (collecting cases); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511 (D.N.J. 2014); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2 (S.D. Miss. Nov. 12, 2015); *Brailey v. F.H. Cann & Assocs., Inc.*, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014).

Moreover, the five cases relied on by Plaintiff in his brief are not persuasive. In three of those cases, the plaintiff made additional factual allegations beyond merely alleging that an ATDS was used to make a specific number of calls and text messages and the phone number from which some of those calls and text message were received. *See Todd v. Citibank*, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (denying Defendant's motion to dismiss and finding that Plaintiff's allegations regarding the content of the alleged messages—including a silence before the recording began and a "key code" directory—allowed the Court to infer that calls were placed using an ATDS); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (Plaintiff alleged content of prerecorded message allegedly used); *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 732 (D.S.C. 2015) (same). In *Hashw v. Dep'st Stores Nat. Bank*, the Court found that Plaintiff sufficiently alleged the use of an ATDS where the plaintiff alleged that he received 112 calls from the same telephone number over a three month period and that the calls related to his debt and/or telemarketing. 986 F. Supp. 2d 1058 (D. Minn. 2013). This appears to be an outlier among cases, in requiring an extremely cursory statement to support the complaint. Additionally, in this case, Plaintiff did not allege a specific number he received the calls from, only that he received 235 calls over a six-month period. This is insufficient for the Court to determine that there are sufficient facts to show that Plaintiff was called by an autodialer and, therefore, has a plausible claim for relief.

The Court need not take Plaintiff's conclusory assertion that Defendant used autodialing as true, *Twombly,* 550 U.S. at 555, and the Court is not persuaded that Plaintiff's complaint sufficiently sets forth factual allegations which allow the Court to infer that Plaintiff has a plausible claim for relief. Therefore, Plaintiff's complaint fails to state a claim. However, the Third Circuit has instructed that where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The Court is not persuaded that it would be inequitable or futile to do so here. Accordingly, the Court will grant Plaintiff leave to file an amended complaint within the next 21 days.

## CONCLUSION

For the reasons above, Defendant's motion to dismiss will be granted, and Plaintiff will be granted leave to file an amended complaint. A corresponding order will follow.

Dated: 9/18/17

ANNE E. THOMPSON, U.S.D.J.